IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CALVIN BERNARD BROOKS, #137 190    *

    Plaintiff,    *

       v.    *    2:06-CV-432-MEF
                                                                            (WO)

GWENDOLYN MOSLEY, *et al.*,    *

    Respondents.    *

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner is GRANTED leave to proceed *in forma pauperis*.

This case is before the court on an application for habeas corpus relief filed by Calvin Brooks ["Brooks"], a state inmate incarcerated at the Easterling Correctional Facility located in Clio, Alabama. He filed the instant action on a form for use in filing a habeas petition under 28 U.S.C. § 2254. (Doc. No. 1.) Attached to the petition is *Petitioner's Affidavit in Support of Petition for Writ of Habeas Corpus* wherein Brooks asserts that he files this action pursuant to 28 U.S.C. § 2241. (Doc. No. 2.) Upon consideration of the petition, and supporting affidavit, the court concludes that the petition is due to be summarily dismissed. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

**I. DISCUSSION**

Brooks is currently serving a life sentence. *See*

http://www.doc.state.al.us/inmsearch.asp. He complains that at

> a progress review hearing, "Warden Mosley, Brian Mitchell, [and] Tyrone Barrows . . . reactivated 3 burglary cases that has been served to its end of sentences. They also reactiveated [sic] a theft of property second degree that has also ended. Further in retalliation [sic] for the petitioner refusing to attend a crime bill Sapp, program, the respondents knowingly filed false information in the petitioner's institutional files that stated the petitioner is serving a life sentence for an [sic] current escape second degree.

(Doc. No. 2 at pg. 1.)

Regardless of how he characterizes the conduct of Alabama Department of Corrections officials, *i.e.*, adding sentences, imposing false sentences, reactivating sentences, reinstating sentences, it is clear beyond cavil that only a court of conviction may impose or enter a sentence on behalf of a convicted criminal defendant. Petitioner's complaint in the instant action boils down to his belief that there is false information in his institutional file because prison officials have incorrectly characterized or described his past and/or current criminal history in order to force, or as Brooks alleges, "blackmail," him to participate in a substance abuse program. (Doc. Nos. 1, 2.)

The claims raised by Brooks in this matter are not cognizable in this habeas petition whether considered filed under the provisions of 28 U.S.C. § 2241 or § 2254. The central purpose of the writ of habeas corpus, whether filed under § 2241 or § 2254, is to provide a remedy to prisoners who are challenging the "fact or duration" of their physical confinement and are seeking immediate release or an earlier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997). Federal habeas corpus relief is not available to remedy alleged constitutional violations which would not lead to either (1)

2

an automatic shortening of an individual's sentence or (2) the individual's immediate release. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

In filing this action, Brooks complains not about the fact or duration of his confinement, but rather, about false information deliberately placed in his institutional file by prison officials for extortion, retaliation, and/or blackmail purposes, which has no effect on his sentence or the validity of his current confinement. Brooks does not allege much less indicate that the conduct he attributes to ADOC officials has had an effect on the life sentence he is currently serving or that the absence of the allegedly false information would lead to the shortening of his sentence or his immediate release. The false information that Brooks alleges is in his institutional file, while possibly having the potential to affect his parole eligibility, will not invariably affect the length of the sentence he is serving, and therefore, does not provide a basis for habeas relief. Rather, the nature of the allegations presented herein are more appropriately reviewed in a civil rights action filed under the provisions of 42 U.S.C. § 1983 or another statute authorizing damages or injunctive relief.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner Calvin Brooks' petition for federal habeas corpus relief be DISMISSED without prejudice to his right to file the appropriate civil rights action with regard to the matters challenged in the instant petition.

It is further

ORDERED that on or before **May 31, 2006** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of May 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE